UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRYSOULA VIROSZTKO, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01084 |
| | ) |
| v. | ) |
| | ) |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Chrysoula Virosztko ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Advocate Health and Hospitals Corporation ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADEA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Chrysoula Virosztko, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Advocate Health and Hospitals Corporation is a corporation doing business in and for Cook County whose address is 4440 West 95th Street, Oak Lawn, IL 60453.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## **BACKGROUND FACTS**

11. Plaintiff worked for Defendant as a non-clinical secretary from on or about July 25, 2018 through on or about June 26, 2023, when she was unlawfully terminated on the basis of her age.

12. Since at least February 2023 through June 26, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

13. Plaintiff has been subjected to a hostile work environment on the basis of her age, violating the ADEA.

14. Plaintiff is 41 years old and is a member of a protected class because of Plaintiff's age.

15. On or about February 8, 2023, Plaintiff and other individuals in her position who were 40 years and older were informed during a meeting that they must obtain a CNA certification, or find an alternate roll within the company; otherwise, their employment would be terminated by June 2023.

16. Plaintiff, who was working in a non-clinical role, was shocked as CNA certifications are not typically required for non-clinical positions and had yet to be required during her four year employment.

17. This left Plaintiff with a short window to secure a new position or face termination.

18. Throughout this period, Plaintiff diligently searched for available positions within the company, only to find that openings she applied for were subsequently removed.

19. Shortly after this announcement was made, nurses and doctors began making

discriminatory comments, such as "in with the new, out with the old," "we need a change," and even "old timers need to go."

20. These comments left Plaintiff feeling isolated and unsure who to turn to, but she continued opposing the discrimination to managers and fellow coworkers.

21. Nevertheless, the discrimination continued.

22. On or about April 17, 2023, Emily (LNU) wrote Plaintiff up for allegedly having too many call-ins.

23. Emily then announced this write up in front of several nurses and technicians, causing Plaintiff additional stress and embarrassment.

24. Plaintiff knew this write-up was discriminatory, as the policy calls for a write-up after six or more call-ins, and Plaintiff had yet to call in six times.

25. On or about June 20, 2023, Plaintiff received a letter confirming that failure to obtain the CNA certification would lead to her termination.

26. Thereafter, on or about June 26, 2023, Plaintiff was terminated.

27. This short six day turn-around gave Plaintiff no time to contemplate or begin securing the CNA certification.

28. Shortly thereafter, Plaintiff realized that she was not the only employee being terminated.

29. Several of Plaintiff's colleagues who were also above 40 were also being terminated.

30. Similarly situated employees not in their 40s were not subject to termination.

31. It became apparent that Plaintiff was being terminated solely on the basis of her

age.

32. Plaintiff and her coworkers were replaced by a group of much younger staff members, who also earned more than what Plaintiff had been earning.

33. This unlawful termination took an emotional toll on Plaintiff.

34. Plaintiff met or exceed Defendant's performance expectations during the entire duration of Plaintiff's employment, as she never received a write up nor a negative performance remark that was not discriminatory or retaliatory in nature.

35. Plaintiff was retaliated against and Plaintiff's employment was ultimately terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

36. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of Plaintiff's retaliation claim- because Plaintiff lodged complaints directly to Plaintiff's managers about the discrimination and termination.

37. Plaintiff was targeted for termination because of Plaintiff's age and reporting of illegal activity.

38. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

41. Plaintiff met or exceeded performance expectations.

42. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

43. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

44. Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age (41).

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Age-Based Harassment)

47. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's age, in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

49. Defendant knew or should have known of the harassment.

50. The age-based harassment was severe or pervasive.

51. The age-based harassment was offensive subjectively and objectively.

52. The age-based harassment was unwelcomed.

53. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's age.

54. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

56. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

57. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based harassment or discrimination.

59. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

60. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

61. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

62. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity, including but not including baseless write-ups and termination.

63. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the age-based harassment or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of February, 2024.

/s/ Nathan C. Volheim
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148

8

(630) 568-3056
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

***/s/ Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*